OPINION
{¶ 1} This is the second appeal from an order of the Jackson Township Zoning Department to cease using a forty-foot box trailer as a commercial sign contrary to Zoning Ordinance 501.6(c). The Zoning Board of Appeals of such Township denied an appeal and the trial court affirmed.
 STATEMENT OF FACTS {¶ 2} This is the second appeal in this case. In Case No. 2003CA00109 (2003), this Court remanded as to selective enforcement and the vagueness claims.
 {¶ 3} The trial court found the essential facts involved to be:
 {¶ 4} "A box trailer owned by Earth `n Wood, referred to as being 40 to 45 feet in length, had been placed on a leveled pile of broken concrete slabs located on the business property of Earth `n Wood, 5335 Strausser Street, NW, North Canton, Ohio. The Earth `n Wood company logo, along with the company name, the nature of the business and available products were displayed on each side of the trailer which was parked perpendicularly to Waywood Street. While no measured distance from the trailer to the Waywood Street right-of-way was presented, the township zoning administrator, John Phillippi, testified that the distance was less than 25 feet."
 {¶ 5} "As a result of the investigation by the zoning inspector and his report to the zoning administrator, a stop notice order, dated August 6, 2002, was written by Phillippi and sent to Craig Snee (Joint Exhibit 2). The notice advised Snee that the trailer sign was in violation of Section 501.6 C. of the township zoning regulations and must be removed immediately."
 {¶ 6} "There were no communications between the zoning administrator and Snee regarding the 8/6/02 Stop Order-Notice, however, six months later, on March 10, 2003, the zoning administrator wrote a letter to Snee on another matter, and included a `Courtesy Zoning Violation Notice' regarding the trailer. While acknowledging that the trailer had been moved from its position on the pile of concrete, Phillippi advised Snee that the trailer remained in violation of zoning regulations as it was parked or located for the primary purpose of displaying the signage on the trailer. The administrator further advised Snee that the trailer would continue to be considered in violation of the zoning regulation unless it was located in compliance with the required setback of 25 feet from the south right-of-way line of Waywood Street."
 {¶ 7} "During the approximate period of the investigation of the matter which is the subject of this lawsuit, the zoning administrator investigated two other claims of 501.6 C. violations. In one case the administrator sent a "Notice of Sign Violation" to Pool Spa Depot (Pool Spa), a business located in the area formerly known as Belden Village. The notice advised Pool Spa that it had a trailer parked on Everhard Road for advertising purposes in violation of the 501.6C. regulation and requested its immediate removal."
 {¶ 8} From the record, we agree with these facts and note also that approximately 60 acres are located at Appellant's business.
 {¶ 9} As to the First Assignment of Error, the primary argument of Appellant is that no reference is made to a set back.
 {¶ 10} The Second Assignment argues selective enforcement while the Third attributes error to the court's decision.
 {¶ 11} After review pursuant to such remand, Judge Lile found that the Ordinance was not unconstitutionally vague and was not selectively enforced as to Appellant.
 {¶ 12} The trailer has been parked along Waywood Street and bears Appellant's business name, Earth N Wood Landscaping Supply.
 {¶ 13} Appellant raises three Assignments of Error:
 ASSIGNMENTS OF ERROR {¶ 14} "I. The trial court erred in concluding that the subject zoning resolution subsection was not unconstitutionally vague.
 {¶ 15} "II. The trial court erred in concluding that the subject zoning resolution subsection had not been selectively enforced against appellant.
 {¶ 16} "III. The trial court erred in affirming the subject jackson township board of zoning appeals decision and/or in denying appellant's subsequent motion for partial vacation."
 I. {¶ 17} Ordinance 501.6(c) states:
 {¶ 18} "The following signs shall be prohibited: Signs placed on motor vehicles, trucks, or trailers which are parked or located for the primary purpose of displaying said sign."
 {¶ 19} Addressing the First Assignment of Error, we look to the rulings of the Ohio Supreme Court.
 {¶ 20} In Franchise Developers, Inc. (1987), 30 Ohio St.3d 28, the court stated:
 {¶ 21} "In analyzing constitutionality of zoning provision, it was necessary to begin with strong presumption that ordinance which incorporated such provision was indeed valid, unless party attacking ordinance could overcome the strong presumption of validity.
 {¶ 22} "Void-for-vagueness challenge is inherently deficient in zoning case where zoning resolution, by it very nature, puts property owner on notice that use of property is subject to regulation."
 {¶ 23} While the Appellant argues that no setback is stated in the zoning ordinance and that the legal width of the street affects the possible permissible location, the gist of the ordinance is not location but purpose of the utilization of the vehicle. The ordinance speaks of "primary purpose" and is intended clearly to control the type of signage which is permissible and such precludes vehicle advertising if such is the primary purpose of the vehicle.
 {¶ 24} Here, the testimony establishes that the trailer was located on top of a "pedestal" of broken concrete, that it was presently inoperable and that, while licensed, it bore no plates.
 {¶ 25} Appellant attempts to present a quandary as to being unaware as to parking the vehicle on the 60 acres at such location, which argument was found unacceptable by the court.
 {¶ 26} We agree with Judge Lile that competent, credible evidence supported enforcement of the ordinance and that obviously Appellant failed to bear the burden of establishing unconstitutionality.
 {¶ 27} The First Assignment is rejected.
 II. {¶ 28} The Second Assignment is presented as to selective enforcement.
 {¶ 29} However, the record clearly demonstrates that action has been taken relative to other businesses.
 {¶ 30} Keeping in mind the "primary purpose" language of the ordinance, the township contacted, for example, a pool and spa business as to utilization of a trailer for advertising (Tr. 101), but did not prohibit vehicles containing advertising which were being used for other business purposes.
 {¶ 31} The standard of proof required for establishing selective enforcement requires overcoming the strong presumption that the governmental persons have discharged their authorized duties properly. Clear evidence is required. See Pullin v. City of Canton (N.E. Ohio 2001), 133 F. Supp.2d 1045.
 {¶ 32} Here, the record demonstrates that such did not occur but rather an appropriate attempt was made to enforce the prohibition of the primary use of the vehicle for advertising.
 {¶ 33} The Second Assignment of Error is not well taken.
 III. {¶ 34} The Third Assignment of Error is a two-part argument. As to affirmation of the decision of the Zoning Appeals Board, we have heretofore found that competent, credible evidence supported such decision. The second part of this Assignment relates to the denial of the Appellant's Motion for Partial Vacation which sounds as a Motion for recommendation, but recites that it is premised on Civ. R. 60(B). The primary argument again relies on the absence of a setback statement in the ordinance and the zoning inspector's testimony as to such non-existent setback.
 {¶ 35} As we have stated, the primary purpose of the ordinance is to prohibit the utilization of vehicles for the primary purpose of advertising and therefore the lack of a setback is not essential and the zoning inspector's incorrect interpretation of the existence of a setback is not material as applied to the clear facts presented.
 {¶ 36} We find this Third Assignment to be not well taken.
 {¶ 37} This cause is affirmed at Appellant's costs.
Boggins, J., Gwin, PJ. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs to Appellants.